[Cite as *State v. Wilkes*, 2020-Ohio-5292.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-087

       Appellee                               Trial Court No. 2018CR0357

v.

Joseph Wilkes, Jr.                          **DECISION AND JUDGMENT**

       Appellant                              Decided:  November 13, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on appeal by appellant, Joseph Wilkes, Jr., from

the October 21, 2019 judgment of the Wood County Court of Common Pleas.  Following

the denial of his motion to suppress, appellant entered a no contest plea to two drug

charges, was convicted and sentenced.  Appellant appealed.  For the reasons that follow,

we affirm the trial court's judgment.

{¶ 2} Appellant sets forth one assignment of error:

The Trial Court erred by denying Appellant's Motion to Suppress.

## Background Facts

{¶ 3} On July 9, 2018, appellant was staying at the Knights Inn in Rossford, Wood County, Ohio, when police executed a search warrant, searched appellant's motel room and discovered cocaine.

{¶ 4} On October 18, 2018, appellant was indicted for one count of trafficking in cocaine, a fourth-degree felony, in violation of R.C. 2925.03(A)(2) and (C)(4)(c), and one count of possession of cocaine, also a fourth-degree felony, in violation of R.C. 2925.11(A) and (C)(4)(b). Appellant pled not guilty.

{¶ 5} On January 28, 2019, appellant filed a motion to suppress the fruits of the search and memorandum in support. In the memorandum, appellant set forth that, according to the search warrant and the accompanying affidavit, on July 9, 2018, police executed the warrant at 1400 hours; on July 9, 2018, police presented the warrant to the judge, who "signed the warrant * * * at 1406 hours or approximately six minutes after the execution of the search warrant." Appellant requested a hearing to determine if the search warrant was properly obtained.

{¶ 6} On March 15, 2019, appellant withdrew the motion to suppress, and on that same day, filed a motion to suppress the fruits of the warrantless search. In this second motion, appellant, who relied on the facts set forth in the first motion and memorandum, claimed the search warrant was so defective as to render it invalid. Therefore, the search

2.

of appellant's motel room was conducted without a warrant, with no exigent circumstances, and was invalid. Appellant sought to suppress everything discovered in the motel room as fruits of the poisonous tree.

{¶ 7} A hearing on the motion to suppress was held on March 18, 2019. The state filed an opposition to the motion to suppress on April 5, 2019.

{¶ 8} On April 12, 2019, the trial court issued an order denying the motion to suppress, finding the search warrant had clerical errors due to lax report writing practices, which did not invalidate the search and seizure conducted pursuant to a valid warrant.

{¶ 9} On August 16, 2019, a hearing was held where appellant withdrew his not guilty plea and entered a plea of no contest to the indictment. The court accepted the plea and found appellant guilty.

{¶ 10} On October 18, 2019, the sentencing hearing was held. The court merged the two counts in the indictment, and sentenced appellant to four years of community control on the trafficking in cocaine count. On October 21, 2019, the sentencing judgment entry was filed by the court. Appellant timely appealed.

**Applicable Law and Standard of Review**

{¶ 11} The Fourth Amendment to the United States Constitution, which is applied to the states through the Fourteenth Amendment, provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause,

3.

supported by oath or affirmation, and particularly describing the place to be searched, and the persons or other things to be seized." *State v. Saxton*, 10th Dist. Franklin No. 18AP-925, 2019-Ohio-5257, ¶ 17. Article I, Section 14 of the Ohio Constitution contains a provision which is nearly identical. *Id.* Further, in Ohio, search warrants are issued according to the authority in R.C. 2933.21 through 2933.25, and Crim.R. 41. *See State v. Harrington*, 10th Dist. Franklin No. 14AP-571, 2015-Ohio-2492, ¶ 7.

{¶ 12} Appellate review of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When the trial court decides a motion to suppress, it assumes the role of trier of fact and is in the best position to assess witness credibility and resolve questions of fact. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* The reviewing court then independently decides as a matter of law whether the trial court's conclusions satisfy the proper legal standard. *Id.*

{¶ 13} In *State v. Wilmoth*, 22 Ohio St.3d 251, 265, 490 N.E.2d 1236 (1986), the Ohio Supreme Court noted it has been held that the "remedial objectives behind the exclusionary rule are not realized in situations where a violation of the Fourth Amendment was not due to police misconduct." In addition, clerical errors which are inadvertently made without prejudice to the defendant, will not invalidate a search warrant which is otherwise valid. *Spak v. State*, 48 Ohio App. 371, 372, 194 N.E. 439 (8th Dist.1934); *State v. Honzu*, 10th Dist. Franklin No. 94APA07-1011, 1995 WL 326214, *5-6 (June 1, 1995).

4.

## Argument

{¶ 14} Appellant seeks to have the drugs found in his motel room suppressed, as the search warrant was invalid, making the search warrantless and without exigent circumstances. Appellant queries whether file-stamps render a search warrant invalid when the stamps show the search was executed prior to the warrant being reviewed and approved by the judge. Appellant observes the trial court found the discrepancies in the time-stamp of the warrant signature and the file-stamp time were due to lax report-writing practices by the police. Appellant argues the state wants the court to uphold a facially inaccurate and impossible search warrant, filed before it was approved by the judge, and executed within minutes of approval despite 20 minutes of travel time from the courthouse to the motel.

## Motion to Suppress Hearing

{¶ 15} In support of his motion to suppress, appellant called two witness, Sergeant William Bragg and Detective Andrew Pennington.

{¶ 16} Sergeant Bragg testified to the following. He is employed by the Toledo Police Department, in the VICE narcotics unit. In the unit, he is deputized in Lucas County and Wood County. On July 9, 2018, he conducted surveillance at the Knights Inn with Detective Pennington, and looked for and located a specific person, appellant. The police were at the motel pretty early and surveillance was conducted throughout the night. When Sergeant Bragg determined there was probable cause, he left the Knights Inn and went to the Northwood Police Department where he typed up a search warrant.

5.

He then went to Perrysburg Municipal Court where a lady followed him and introduced him to the judge. The judge read the affidavit and signed the search warrant, indicating she signed it at 2:05 p.m. The sergeant stated there were no false statements and there was no misleading information in the affidavit. The search warrant was file-stamped at 2:02 p.m. The sergeant could not recall when the warrant was file-stamped, before or after the judge signed it.

{¶ 17} After the search warrant was signed, Sergeant Bragg left the court and drove to Tim Hortons where he met the S.W.A.T. team and gave the team the warrant. The team came up with a plan, then drove to the Knights Inn and executed the search warrant. The door to appellant's motel room was kicked in, and upon entering the room, appellant asked the police for the search warrant, and it was given to him. The search warrant indicated the search occurred at 1400 hours, or 2:00 p.m., which was an approximate or estimated time, as the police were there for over an hour. On July 23, 2018, Sergeant Bragg wrote a general report where he indicated the search warrant was executed on July 9, 2018 at 1400 hours.

{¶ 18} Detective Pennington testified to the following. He is employed by the city of Toledo as a Toledo Police officer. In July 2018, he was assigned to VICE, and he was deputized to work in Lucas County and Wood County.

{¶ 19} On July 9, 2018, the detective conducted surveillance at the Knights Inn with Sergeant Bragg, another unit from the Toledo Police drug task force and a marked crew of police from Rossford. Detective Pennington recalled executing a warrant at a

6.

particular room at the motel, for appellant.  Thereafter, the detective wrote a supplemental report documenting what occurred.  In the report, he indicated the search warrant was executed on July 9, 2018, at 1400 hours.  Detective Pennington may have been mistaken about the exact time to the minute.

**Analysis**

{¶ 20} Upon review of the relevant law and the record including the search warrant, affidavit for search warrant, police reports and witness testimony, we find competent, credible evidence supports the trial court's conclusion that the inconsistent times in the search warrant documents were due to clerical errors.

{¶ 21} The record shows the affidavit for search warrant was file-stamped at 2:02 p.m. on July 9, 2018, and the judge signed the "Request for Issuance of a Search Warrant" contained within the affidavit for search warrant at 2:05 p.m.  The actual search warrant was file-stamped at 2:02 p.m., and signed by the judge at 2:06 p.m.  The police report authored by Sergeant Bragg set forth the execution of search warrant occurred "7/9/18 @ 1400."  The supplemental report prepared by Detective Pennington provided on "7/9/18-1400 * * * swat executed a search warrant at 1120 Buck[,] Room #309 at Knights [I]nn in Rossford[,] Ohio."  The testimonial evidence was consistent:  the search warrant was executed after the warrant was signed by the judge, and the time the search warrant was executed may not be exact.  Further, there was no evidence of any misconduct by the police in securing and executing the search warrant, nor was there evidence that the time differences on the documents caused prejudice to appellant.  Since

7.

the time discrepancies are not the type of errors which invalidate an otherwise valid search warrant, we hold the trial court did not err in denying appellant's motion to suppress. Accordingly, appellant's assignment of error is not well-taken.

{¶ 22} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.